Jill Ann Herman, 020180
jherman@cdslawfirm.com
Iulia A. Taranu, 034458
itaranu@cdslawfirm.com
Austin M. Poe, 036057
apoe@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Alexandra Singmaster, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>Ulta Salon Cosmetics & Fragrance, Inc., a foreign corporation, dba Ulta Beauty; Ulta Beauty Cosmetics, LLC, dba Ulta Beauty; John Does and Jane Does I-X; ABC business entities I-X,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Ulta Salon Cosmetics & Fragrance, Inc. ("Ulta Beauty") and Ulta Beauty Cosmetics, LLC ("Ulta Beauty Cosmetics")(collectively, "Defendants") file this Notice of Removal to remove Maricopa County Superior Court Action No. CV2022-006732, captioned *Alexandra Singmaster v. Ulta Salon Cosmetics & Fragrance, Inc., dba Ulta Beauty and Ulta Beauty Cosmetics, LLC, dba Ulta Beauty*, to this Federal Court. Defendants file this Notice on behalf of themselves.

Title 28 U.S.C. §1446(a)(2)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* Declaration of Jill Ann Herman ("Herman Declaration"), Exhibit 2 at ¶5, establishing Defendants' consent to removal.

The basis for removal is under 28 U.S.C. § 1441(a) and (b), i.e., diversity jurisdiction pursuant to 28 U.S.C. §1332. This Notice is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

For removal to be proper, the removing parties must file a notice of removal that plainly identifies the basis for removal and complies with certain procedural requirements. *See* 28 U.S.C. § 1446. Defendants comply with 28 U.S.C. § 1446 because, as explained below, (1) the basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332, and (2) Defendants meet all the procedural requirements set for within 28 U.S.C. § 1446. As such, removal of the Arizona Superior Court action to this Court is proper.

## I. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy is in excess of $75,000.

### *A. There Is Complete Diversity of Citizenship*

First, there is complete diversity between Plaintiff and Defendants. According to Plaintiff's Complaint, Plaintiff is a resident of Maricopa County Arizona. Defendant Ulta Beauty is a Delaware corporation. *See* Herman Declaration, Exhibit 2 at ¶ 8. Defendant Ulta Beauty Cosmetics is a Florida limited liability company whose members are Kecia Steelman, a citizen of Illinois, and

Defendant Ulta Beauty, again, a citizen of Delaware. *See* Herman Declaration, Exhibit 2 at ¶¶ 8-10. As such, all Defendants and Plaintiff are citizens of different states, and there is complete diversity pursuant to 28 U.S.C. § 1332(a)(1).

***B. The Matter in Controversy Exceeds the Sum of $75,000***

Second, this personal injury matter exceeds the sum of $75,000, exclusive of interest and costs. While the Complaint is silent as to the amount of damages sought, Plaintiff represented that the case was a "Tier 2" designation. *See* Herman Declaration, Exhibit 2 at ¶6; Complaint, Exhibit 1, 5:1-3. Rule 26.2, A.R.Civ.P. provides discovery limits based upon a tiering system. Tier 2 is reserved for actions in which the amount in controversy is within in the range of $50,000 to $300,000. A.R.Civ.P., Rule 26.2(c)(3)(C). Although this is a wide range, Plaintiff previously demanded the sum of $250,000 for settlement in this matter. *See* Herman Declaration, Exhibit 2 at ¶11. Accordingly, the amount in controversy exceeds $75,000 within the requirements of 28 U.S.C. §1446(b)(2)B) (by a preponderance of evidence).

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A removing defendant need not establish the amount in controversy to a "legal certainty;" it carries its burden with a preponderance of the evidence. "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Forever Living Prods. U.S. Inc. v. Geyman*, 471 F. Supp. 2d 980, 986 (D. Ariz. 2006).[1] Accordingly, Defendants contend that Plaintiffs are seeking greater than $75,000.

[1] Consistent with this authority, the amount in controversy is "not proof of the amount the plaintiff will recover. Rather, it is an amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *Brill v. Countrywide Home Loans, Inc.*, 427

Compensatory damages in a personal injury case may exceed this Court's jurisdictional threshold. *See, e.g., Williamson v. Safety Nat'l Casualty Corp.*, Maricopa Co. Sup. Ct, No. CV-2014-8305 (Oct. 12, 2016) (jury awarded $1 million in compensatory damages for insurer's two-year delay in payment of workers' comp claim, where plaintiff alleged delay caused her to postpone knee surgery and caused unnecessary pain, physical impairment, emotional distress, and enjoyment of life); *Mendoza v. McDonald's Corp.*, 222 Ariz. 139, 213 P.3d 288 (Ct. App. 2009) (jury awarded $250,000 for emotional distress and loss of enjoyment of life for employer's mishandling of workers' compensation claim); *Houle v. Liberty Mutual Ins. Co.*, Maricopa Co. Sup. Ct, CV-2004-003452 (April 2007) (jury awarded $1.5 million in compensatory damages where plaintiff alleged that she suffered prolonged pain and worsening of her injuries from the insurer's denial of benefits); *Secara v. Fairmont Ins. Co.*, Maricopa Co. Sup. Ct, CV-2002-020994 (May 17, 2006) (jury awarded $600,000 in emotional distress damages for insurer's denial and delay in paying advance January to December 2012 permanent disability benefits for shoulder injury); *Leimone v. American Home Assurance Co.*, Maricopa Co. Sup. Ct, CV-2003-02812 (January 19, 2006) (jury awarded $1.1 million in compensatory damages for insurer's failure to make timely payments and authorize medical treatments following an ALJ award of benefits). In this case, the Plaintiff is alleging special damages, general damages and loss of wage resulting from a severe allergic reaction which required her to be hospitalized for several days based on the Defendants' alleged services.

In conclusion, removal is "proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in

---

F.3d 446, 448 (7th Cir. 2005) ("[T]he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover."); *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("[T]he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.").

controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014) (citations and internal quotation marks omitted). Defendants carry their burden by providing evidence that it is more likely than not that the amount in controversy exceeded $75,000 at the time of the removal. *See*, *Sanchez*, 102 F.3d at 404; *see also*, *Garza v. Bettcher Indus., Inc*., 752 F. Supp. 753, 756 (E.D. Mich. 1990) (noting that a removing defendant need not "prove the plaintiff's case"). Here, it is more likely than not that the amount in controversy exceeds this Court's jurisdictional minimum.

## II. DEFENDANT HAS MET ALL PROCEDURAL REQUIREMENTS SET FORTH IN 28 U.S.C. § 1446 TO REMOVE THIS ACTION.

Plaintiff filed her Complaint on May 27, 2022 (Herman Declaration, Exhibit 2 at ¶6; Exhibit 1) and served Defendants on June 1, 2022 (Herman Declaration, Exhibit 2 at ¶4; Exhibits 6 and 7). Removal is within thirty days of service upon Defendants and is, therefore, timely.

Defendants have complied with all further procedural requirements, *see* 28 U.S.C. § 1446(a) and (d), including the following:

1. Attaching copies of the process, pleadings, and orders served upon Defendants in the action, including the following documents: Summons and Complaint, Proof of Service and Certificate of Compulsory Arbitration. *See* Herman Declaration, Exhibit 2 at §§4, 6; Exhibits 1, 3-7.
2. Serving a copy of this notice upon Plaintiff.
3. This notice is signed pursuant to F.R.C.P. Rule 11, as required by Rule 3.6 of the Local Rules of the United States District Court for the District of Arizona.

4. Attaching a copy of the most recent version of the docket from the State Court, pursuant to Rule 3.6 of the Local Rules of the United States District Court for the District of Arizona. *See* Herman Declaration, Exhibit 2 at §7; Exhibit 8.

5. Filing a copy of this notice with the Arizona state court clerk pursuant to Rule 3.6 of the Local Rules of the United States District Court for the District of Arizona.

6. Submitting a "Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction" pursuant to Rule 3.6 of the Local Rules of the United States District Court for the District of Arizona.

7. Filing copies of all pleadings and other documents that were previously filed with the state court, accompanied by a verification from the removing party's counsel that they are true and complete copies of all pleadings and other documents filed in the state court proceeding, pursuant to Rule 3.6 of the Local Rules of the United States District Court for the District of Arizona. *See* Herman Declaration Exhibit 2 at ¶4, 6; Exhibits 1, 3-7.

RESPECTFULLY SUBMITTED this 30th day of June 2022.

CHRISTIAN DICHTER & SLUGA, P.C.

By: /s/ Jill Ann Herman
Jill Ann Herman
Iulia A. Taranu
Austin M. Poe
2800 North Central Avenue, Suite 860
Phoenix, Arizona 85004
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Matthew P. MacLeod
mmacleod@vanosteen.com
O-Steen & Harrison, PLC
300 W. Clarendon Avenue, Suite 400
Phoenix, Arizona 85013-3424
Attorneys for Plaintiff

/s/ Yvonne Canez